b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SHANNON DOTSON, Plaintiff | CIVIL DOCKET NO. 1:18-CV-00885 |
| VERSUS | JUDGE DRELL |
| TUNICA BILOXI GAMING COMMISSION, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court are two Motions to Dismiss filed by Defendants, alleging tribal immunity and failure to effect service of process. ECF Nos. 51, 52. Because the Tunica-Biloxi Gaming Commission has sovereign immunity, its Motion to Dismiss should be GRANTED. Because Plaintiff failed to serve process on the other Defendants, the Motion to Dismiss pursuant to Fed. R. Civ. P. rule 4(m) should be GRANTED as to all other Defendants.

I. Background.

Plaintiff Shannon Dotson ("Dotson") filed a *pro se* complaint pursuant to 42 U.S.C. § 1983; § 706 of the Civil Rights Act of 1964; 18 U.S.C. § 1964 (civil RICO); *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971); the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680; and the "eggshell skull rule." ECF Nos. 1, 11, 40. The named Defendants are the Tunica-Biloxi Gaming Commission ("Gaming Commission"), Sheila Augustine ("Augustine"), Lori Piazza ("Piazza"), Ms. Vocarro ("Vocarro"), Ms. Camilla, Commissioner Newman

("Newman"), Commissioner Bobby Pierite ("Pierite"), Catherine Pierite ("Catherine Pierite"), and Cheryl Barby ("Barby").[1]

Dotson alleges Defendants conspired to steal her slot machine jackpot of $20,500,000. ECF No. 40 at 4. Dotson contends that, when her slot machine stopped, it showed at the bottom "20 5". ECF No. 40 at 7. Dotson contends she was entitled to another free spin, but the machine would not spin, so she hit the service button. ECF No. 40 at 7. Defendant Piazza arrived, told Dotson she had not won, cashed Dotson out on the machine, moved the "reel," and took Dotson's "ticket." ECF No. 40 at 7. Piazza's supervisors, Pierite and Vocarro, then arrived. ECF No. 40 at 7. Pierite could not find a code "20 5" in the manual and said there was no such code. ECF No. 40 at 7. When they ran a code scan, no code with "20 5" showed up. ECF No. 40 at 7.

Augustine, a Gaming Commission representative, showed Dotson a video of herself and Piazza. ECF No. 40 at 9. The video showed an error code of 20 5, stating it was a jammed coin and printer error. ECF No. 40 at 9. Dotson contends she had not put coins in the machine. ECF No. 40 at 9. The Gaming Commission ruled against Dotson. ECF No. 40 at 9. Dotson contends Defendants deprived her of a jackpot worth "20 5," or (according to Dotson) $20,500,000.[2] ECF No. 40 at 7. Dotson contends Defendants violated gaming regulations and laws, fabricated evidence, falsified documents "in a federal establishment," defamed her, lied under oath before

---

[1] Dotson also names an "unnamed supervisor" and an "unnamed manager." Dotson has never provided any names.

[2] Dotson has not explained why she believes there should be five zeros after "20 5".

2

the gaming commissioners, and falsified the error codes in the slot machine. ECF No. 40 at 15. Dotson alleges claims of theft, defamation, negligence, "tort act," breach of contract, misconduct, abuse of discretion, abuse of process, and excessive force (among others). Dotson asks for treble damages and a jury trial.

The Commission filed a Motion to Dismiss and, Alternatively, Motion for More Definite Statement. ECF No. 51. The Commission alleges that it has tribal sovereign immunity.

Piazza and Vocarro filed a Motion to Dismiss for failure to effect service pursuant to Fed. R. Civ. P. 4(m). ECF No. 52.

II.    **Law and Analysis**

    A.    **The Gaming Commission and its Commissioners (in their official capacities) have tribal immunity.**

The Gaming Commission contends it is a tribal agency and an arm of the Tunica-Biloxi Indian Tribe ("the Tribe") and, therefore, has sovereign immunity.

The Tribe is the owner and operator of the Grand Casino Avoyelles. *See Gore v. Grand Casinos of Louisiana, Inc.*, 1998 WL 1990523, at *1 (W.D. La. 1998). The Tribe has been recognized by Congress as a sovereign Indian nation. *See Gore*, 1998 WL 1990523, at *1 (citing *Notice, Final Determination for Federal Acknowledgment of the Tunica–Biloxi Indian Tribe,* 46 Fed. Reg. 38411 (July 27, 1981)). It is therefore immune from suit unless it expressly consents be sued. *See Gore*, 1998 WL 1990523, at *1 (citing *Oklahoma Tax Commission v. Citizen Band Potawatomi Indian Tribe of Okla.,* 498 U.S. 505, 509 (1991)).

Gaming activities under the IGRA do not constitute an express and unequivocal waiver of immunity from suit. *See Havekost v. Grand Casinos of Louisiana*, 2000 WL 33909243, at *1 (W.D. La. 2000) (citing *Florida v. Seminole Tribe of Florida,* 181 F.3d 1237, 1243 (11th Cir. 1999)). Tribal sovereign immunity extends to tribal enterprises, including gaming. *See Havekost*, 2000 WL 33909243, at *1 (citing *World Touch Gaming, Inc. v. Massena Management L.L.C.,* 117 F. Supp. 2d 271 (N.D.N.Y. 2000)). Indian tribal courts have exclusive jurisdiction over actions of non-Indians on reservation lands. *See Havekost*, 2000 WL 33909243, at *1 (citing *Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians of Florida,* 999 F.2d 503 (11th Cir. 1993); *Montana v. United States,* 450 U.S. 544 (1981)).

Defendants submitted an affidavit from Rudolph Wambsgans III ("Wambsgans"), the chairman of the Gaming Commission. ECF No. 51-2. Wambsgams states the Gaming Commission is a governmental agency of the Tribe, and the tribal gaming authority with responsibility for regulating gaming activities conducted within the jurisdiction of the Tribe. ECF No.51-2 at 2. The Gaming Commission was established by the Tribe pursuant to tribal law under the Tribe's gaming regulations in accordance with the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. §§ 2701, et seq. ECF No. 51-2 at 2. Wambsgans shows that § 14(A) of the Tribal-State Compact between Louisiana and the Tribe states the Tribe "shall not be deemed to have waived its sovereign immunity from suit with respect to such disputes." ECF No. 51-2 at 2.

As an agency and arm of the Tribe, the Gaming Commission also has sovereign immunity. *See In re Intramta Switched Access Charges Litigation*, 158 F. Supp. 3d 571, 575-764 (N.D. Tex. 2015) (collecting cases); *Havekost*, 2000 WL 33909243, at *1.

Moreover, Defendants sued in their official capacities as tribal officers may assert sovereign immunity. *See Lewis v. Clark*, 137 S. Ct. 1285, 1291 (2017). Accordingly, to the extent Dotson's suit against Commissioner Newman and Commissioner Bobby Pierite is against them in their official capacities, it should be dismissed due to sovereign immunity.[3]

### B. Dotson's action against Piazza and Vacarro should be dismissed.

Piazza and Vocarro filed a Motion to Dismiss (ECF NO. 52) for failure to effect service of process.

Bianca Smith, a private process server, stated in an affidavit that she served Piazza and Vocarro through Christy J. Smith. ECF No. 58-1. The service returns show she left the summonses with "Christy J. Smith." ECF No. 41.

Defendants show, in an affidavit by Christy J. Smith ("Smith"), that Smith is the Clerk of Court for the Tunica-Bioloxi Tribal Court. ECF No. 52-2 at 1. In that capacity, Smith receives documents that are requested to be served through the Tribal Police, reviews them for sufficiency, and forwards them to the Tribal Police for service. ECF No. 52-2 at 1. Smith is not an authorized agent for service of process for any of the Defendants. ECF No. 52-2 at 1. Smith determined that Piazza was no longer employed at the Casino and could not be served by the Tribal Police, and

---

[3] Dotson did not state whether she was suing the individual defendants in their individual or official capacities.

returned that summons to Dotson. ECF No. 52-2 at 2. Smith determined that Vocarro could not be served by the Tribal Police because the summons lacked a first name, so she returned that summons to Dotson, also. ECF No. 52-2 at 2.

Defendants Piazza and Vocarro were never served. ECF Nos. 35, 41, 42, 52-2. Although she has made repeated efforts to effect service,[4] Dotson has not shown good cause for failure to do so in accordance with Fed. R. Civ. P. 4(m). Accordingly, the complaint against Piazza and Vocarro should be dismissed without prejudice for failure to effect service within 90 days, as required by Fed. R. Civ. P. 4(m). *See McGinnis v. Shalala*, 2 F.3d 548, 550 (5th Cir. 1993), cert. den., 510 U.S. 1191 (1994); *Systems Signs Supplies v. U.S. Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); *Kersh v. Derosier*, 851 F.2d 1509, 1512 (5th Cir. 1988).

### C. Dotson's complaint against Augustine, Camilla, Newman, Bobby Pierite, Catherine Pierite, and Barby should also be dismissed for lack of service of process.

Dotson's second amended complaint was filed on June 6, 2019. ECF No. 40. Summonses were issued for Augustine, Camilla, Newman, Bobby Pierite, Catherine Pierite, and Barby on June 6, 2019. To date, those Defendants have not been served. Dotson's complaint against Augustine, Camilla, Newman, Bobby Pierite, Catherine Pierite, and Barby should be dismissed without prejudice pursuant to Fed. R. Civ. P. rule 4(m) for failure to effect service within 90 days.

---

[4] Dotson tried to mail the summonses (ECF No. 16), tried to deliver them herself (ECF No. 27), tried to effect service through the United States Attorney and United States Attorney General (ECF No. 28), and tried to leave the summonses with someone who was not an agent for service of process (ECF Nos. 35, 41). Also, although summonses were issued (ECF No. 43), there is no evidence of any effort to serve Barby, Newman, or the Pierites.

### III. Conclusion

Because the Commission, Commissioner Newman in his official capacity, and Commissioner Pierite in his official capacity have sovereign immunity, IT IS RECOMMENDED that Defendant's Motion to Dismiss the action against the Tunica-Biloxi Gaming Commission (ECF No. 51) be GRANTED and that Dotson's action against the Gaming Commission, as well as Commissioner Newman and Commissioner Pierite in their official capacities, be DENIED AND DISMISSED WITH PREJUDICE.

Because Dotson failed to effect service within 90 days on any of the individual Defendants, IT IS RECOMMENDED that Defendants' Motion to Dismiss the action against Piazza and Vocarro (ECF No. 52) be GRANTED and that Dotson's action against Piazza and Vocarro, as well as Augustine, Camilla, Newman, Bobby Pierite, Catherine Pierite, and Barby, be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS ORDERED AND SIGNED in Chambers at Alexandria, Louisiana on this __26th__ day of February 2020.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge